UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARMAINE SAUNDERS,

     Plaintiff,

v.                          Case No.: 8:25-cv-1361-WFJ-NHA

JUDGE MARY ALICE NARDELLA, et al,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

     Plaintiff Charmaine Saunders, who is not represented by an attorney, moves for permission to bring this lawsuit without pre-paying the filing fee. Doc. 2. Plaintiff sues seven state appellate court judges, a clerk of state appellate court, and Florida's Sixth District Court of Appeal, seeking declaratory and injunctive relief. Doc. 1. I recommend that the Court dismiss without prejudice Plaintiff's Complaint (Doc. 1), deny without prejudice Plaintiff's motion to proceed without pre-paying the filing fee (Doc. 2), and give Plaintiff 21 days from the date of the Court's order to: (1) file an amended complaint addressing the problems discussed in this report, and (2) either (a) pay the filing fee, or (b) file an amended motion to proceed in forma pauperis.

## I.    **Background**

Plaintiff alleges that, after she was assaulted, she brought actions in state court. Compl. (Doc. 1), ¶ 27. There, Plaintiff claims that state trial court judges—who are not named as Defendants in this action—acted unlawfully. *Id.* ¶ 28. For example, Plaintiff alleges that one judge overstepped his authority and violated Plaintiff's constitutional rights by deleting Plaintiff's motion and stating "on the record that he alone would decide whether a case would proceed to jury trial, bench trial, or be resolved on summary judgment." *Id.* ¶¶ 11, 12. She alleges another judge acted unlawfully by dismissing her complaint on the merits despite her filing an amended complaint and failing to rule on her pending motions for sanctions, attorney misconduct, and fraud. *Id.* ¶¶ 14, 38.

Plaintiff appealed the rulings of the trial court judges to the Sixth District Court of Appeal but alleges that she was met with additional unlawful conduct there. *Id.* pp. 4–14. Plaintiff alleges Defendant Judge Traver, who serves on the Sixth District Court of Appeal, issued mandates directing further proceedings in the lower court despite the ongoing misconduct there. *Id.* ¶¶ 6– 7. And, she alleges Defendant Sixth District Court of Appeal "turned a blind eye" to the lower court's unlawful conduct, ignored Plaintiff's emergency motions, and acted with bias. *Id.* ¶¶ 10, 17, 18. She alleges the Sixth District Court of Appeal's Clerk, Defendant Stacey Pectol, failed to docket, or deleted, Plaintiff's filings. *Id.,* p. 17.

Plaintiff claims she contacted Defendant Judge Yancey, who served as chief judge on the Tenth Judicial Circuit, to inform him that she perceived judicial misconduct and fraud in the court. *Id.* ¶ 1. But Judge Yancey, upon review of Plaintiff's complaint, took no action. *Id.* ¶ 3.

Plaintiff does not appear to allege any specific conduct as to the remaining Defendants, who are all Sixth District Court of Appeal judges. She notes only that Defendant Judge Mary Alice Nardella "appeared on nearly every panel [in the Sixth District Court of Appeal] that denied [Plaintiff] relief." *Id.,* p. 17. And, while she names Judges John Brownlee, Brian Mize, Keith White, and Adrian Gannam as Defendants, she makes no specific allegations of misconduct against them. *See id.,* pp. 16–21.

Plaintiff brings six claims. *Id.*, pp. 16–26. In Count I, Plaintiff brings a claim pursuant to 42 U.S.C. § 1985, asserting that Judges Nardella, Brownlee, Mize, White, Gannam, Lambert,[1] Traver, and Yancey, and Clerk of Court Pectol, all acting in their individual capacities, conspired to interfere with Plaintiff's right to due process, access to the courts, and equal protection. *Id.* pp. 16–18. In Count II, Plaintiff brings a claim pursuant to 42 U.S.C. § 1983, asserting that Judges Nardella, Brownlee, Mize, White, Gannam, Traver, and Yancey, and Clerk of Court Pectol, all acting in their individual capacities,

---

[1] Judge Lambert is not listed as a Defendant in the case caption. *See* Compl. (Doc. 1), p. 1.

denied Plaintiff access to Courts. *Id.,* pp. 18–19. In Count III, Plaintiff claims that all individual Defendants in their individual capacities violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.*, by acting in a coordinated enterprise to obstruct justice, suppress Plaintiff's constitutional rights, and protect government and corporate actors from liability. *Id.* pp. 19–21. In Count IV, Plaintiff brings a claim pursuant to 42 U.S.C. § 1983, alleging that Judges Nardella, Brownlee, Mize, White, Gannam, Lambert, Traver and Yancey, and Clerk of Court Pectol, all acting in their individual capacities, retaliated against her for exercising her constitutional rights. *Id.* pp. 21–23. Count V alleges a myriad of state law violations, including abuse of process, intentional infliction of emotional distress, negligent supervision, civil conspiracy, obstruction of justice, and breach of judicial and ethical duties, against all individual Defendants. *Id.* pp. 23–24. In Count VI, Plaintiff brings a claim pursuant to 42 U.S.C. § 1983 against Judges Traver and Yancey for a failure to supervise. *Id.* pp. 25–26. While Plaintiff names the Sixth District Court of Appeal as a Defendant, and seeks injunctive relief against it, Plaintiff does not name it in any count. *See generally* Doc. 1.

Plaintiff seeks declaratory and injunctive relief to halt ongoing constitutional violations. *Id.* pp. 27–28. Specifically, Plaintiff seeks (1) declaratory judgment that Defendants' acts and omissions violated

4

Plaintiff's constitutional rights, (2) an injunction prohibiting Defendants from denying her access to the courts, suppressing her filings, and retaliating against her, (3) "a structural injunction or institutional reforms requiring the Sixth District Court of Appeal and the Tenth Judicial Circuit to implement transparent panel assignments, judicial disclosures, and procedural safeguards to prevent future abuses," (4) an order requiring the Clerk of Court for the Sixth District Court of Appeal to produce a full docket history, and (5) an order referring the Defendants judges to judicial oversight authorities. *Id.*

## II. <u>Applicable Law</u>

The federal statute that governs the right to bring a lawsuit without pre-paying a filing fee, 28 U.S.C. § 1915, "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Accordingly, the statute permits a litigant to commence an action in federal court "by filing in good faith an affidavit stating . . . that he is unable to pay the costs of the lawsuit." *Id.* "Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* To that end, § 1915 provides that a court shall dismiss a case if the court determines the action is frivolous or malicious or fails to state a claim on which relief may be granted.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous when a complaint lacks an arguable basis either in law or in fact. *Neitzke*, 490 U.S. at 325.

Federal courts must hold pro se filings (meaning those papers filed by a party who represents himself) to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). More specifically, a court must "provide[] pro se parties wide latitude when construing their pleadings and papers" and "use common sense to determine what relief the party desires." *S.E.C. v. Elliot*, 953 F.2d 1560, 1582 (11th Cir. 1992). Nonetheless, courts need not exempt pro se litigants from complying with the requirements imposed by the law and rules of procedure. *See Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

One such rule is Rule 8 of the Federal Rules of Civil Procedure, which requires that a plaintiff describe what a defendant did that violated the law a plaintiff claims he violated. FED. R. CIV. P. 8. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2) (emphasis added). The pleading standard in Rule 8 does not require "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). Importantly, conclusions and characterizations of conduct are

6

insufficient; a complaint must allege enough facts to show that each element of an offense is plausible. *Rivell v. Priv. Health Care Sys., Inc.*, 520 F.3d 1308, 1309–10 (11th Cir. 2008). The allegations in the complaint "must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1).

Another pleading rule is Rule 10 of the Federal Rules of Civil Procedure, which states, "If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." FED. R. CIV. P. 10(b). It further requires that a complaint "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." *Id.*

Independent of the Court's duty under § 1915(e) to evaluate the claim of a party proceeding in forma pauperis, the Court also has an obligation to ensure that it has subject matter jurisdiction over a case. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety.").

"Federal courts have limited subject matter jurisdiction, or in other words, they have the power to decide only certain types of cases." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1260–61 (11th Cir. 2000) (citing *Univ. of S.*

*Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409–10 (11th Cir. 1999)). First, federal courts have original jurisdiction over all civil actions where (1) the matter in controversy exceeds $75,000, exclusive of interest and costs, and (2) the parties are citizens of different states; this is called diversity jurisdiction. 28 U.S.C. § 1332. Second, federal courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States"; this is called federal question jurisdiction. 28 U.S.C. § 1331. A complaint presents a federal question where it "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Const. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 27–28 (1983).

## III.  <u>Discussion</u>

Plaintiff asserts federal question jurisdiction. Compl. (Doc. 1), p. 2. Thus, she must establish a viable claim under federal law. She attempts to do so in Counts I through IV and VI, which assert violations of the Civil Rights Act, 42 U.S.C. §1983, *et seq.*, and RICO, 18 U.S.C. § 1961, *et seq. Id.* Unless Plaintiff states a viable claim in at least one of these counts, this Court lacks jurisdiction to hear this case.

A. <u>Plaintiff's Complaint Fails to Comply with Federal Pleading Standards.</u>

The Complaint cannot carry this case forward, because it does not comply with the pleading standards in the Federal Rules of Civil Procedure. First, it does not separate each claim into a separate count or "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances," as required by Rule 10 of the Federal Rules of Civil Procedure. Nor does it describe in a "short and plain statement of the claim" what a defendant did that violated the law, as required by Rule 8(a)(2) of the Federal Rules. While the pleading standard in Rule 8 does not require "'detailed factual allegations,'  it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Conclusions and characterizations of conduct are insufficient; a complaint must allege enough *facts* to show that each element of an offense is plausible. *Rivell*, 520 F.3d at 1309.

Plaintiff's Complaint contains numerous conclusions that are unsupported by specific factual allegations. *See generally* Compl. (Doc. 1). For example, Plaintiff fails to allege *any* facts concerning Defendants Judges Brownlee, Mize, White, and Gannam. As another example, to support her conspiracy claim, Plaintiff alleges, "The uniformity of outcomes [denying Plaintiff relief] across different [Sixth District Court of Appeal] panels . . .

supports the existence of a tacit or express agreement among Defendants to suppress Plaintiff's access to legal redress and to shield lower court misconduct." *Id.,* p. 17. While this may incorporate a legal element of a conspiracy, the paragraph lacks factual allegations that make clear that there was a conspiracy. "To establish a conspiracy for § 1983 purposes, 'the plaintiff must plead in detail, through reference to material facts, the relationship or nature of the conspiracy between the state actor(s) . . . .'" *Brown v. Lewis*, 361 F. App'x 51, 54 (11th Cir. 2010) (per curiam) (citing *Harvey v. Harvey*, 949 F.2d 1127, 1133 (11th Cir. 1992)). "A 'plaintiff attempting to prove such a conspiracy must show that the parties "reached an understanding" to deny the plaintiff his or her rights.'" *Dye v. Radcliff*, 174 F. App'x 480, 482 (11th Cir. 2006) (per curiam) (quoting *NAACP v. Hunt*, 891 F.2d 1555, 1563 (11th Cir. 1990)). But Plaintiff fails to plead facts explaining which actor(s) conspired, what they agreed to, how that agreement sought to violate Plaintiff's constitutional rights, what rights were at risk, and whether the conspirators took actions to violate them. *See* Compl. (Doc. 1).

And, Plaintiff fails to allege facts supporting her RICO claim, which "must be pled with an increased level of specificity." *Ambrosia Coal & Const. Co. v. Pages Morales*, 482 F.3d 1309, 1316–17 (11th Cir. 2007) ("To satisfy the Rule 9(b) standard, RICO complaints must allege: (1) the precise statements, documents, or misrepresentations made; (2) the time and place of and person

responsible for the statement; (3) the content and manner in which the statements misled the Plaintiffs; and (4) what the Defendants gained by the alleged fraud."). These are just some examples of conclusory pleading rather than factual pleading showing that Defendants violated the law.

Another federal pleading rule prohibits "shotgun pleadings." There are four types of "shotgun pleadings:"

> The most common type . . . is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type . . . is a complaint that . . . is . . . replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one . . . [does] not separate[e] into a different count each cause of action or claim for relief. Fourth, and finally, there is . . . asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). The Eleventh Circuit has instructed that a district court "must intervene . . . and order a replead[ing]" of a shotgun complaint, even if the defendant does not move for a more definite statement. *Byrne v. Nezhat*, 261 F.3d 1075, 1133 (11th Cir. 2001).

Case 8:25-cv-01361-WFJ-NHA    Document 8    Filed 08/06/25    Page 12 of 17 PageID 209

Here, Plaintiff's Complaint appears to fall into the second, third, and fourth categories of shotgun pleadings. For example, in Count I, Plaintiff alleges two separate violations of § 1985 in a single count. *Id.,* p. 18. Plaintiff brings Count IV (Deprivation of Civil Rights Under 42 U.S.C. § 1983) against all individual Defendants (meaning all Defendants except the Sixth District Court of Appeal) and mentions violations of both the First and Fourteenth Amendments. Doc. 1, pp. 21–22. The Court cannot discern whether Plaintiff is alleging each Defendant named in that count violated both of these Amendments, or whether Plaintiff accuses only certain Defendants of certain constitutional violations. Similarly, Count V brings a multitude of state law claims against "all individual Defendants," without describing the facts indicating which defendants did what to effect which violations *Id.,* pp. 23–24.

Because it does not comply with the federal pleading standards, the complaint should be dismissed without prejudice. Should Plaintiff file an amended complaint, Plaintiff should clearly list which cause of action is being asserted against which Defendant(s). Plaintiff should concisely state, for each claim, in plain language, exactly who committed the distinct violation and what each Defendant did that constituted the specific violation.

### B.  Plaintiff Should Take Caution When Re-Drafting the Complaint

Because of the shotgun-style of the Complaint, the Court is not certain it understands exactly which claims Plaintiff means to bring against which Defendants, and which requests for relief relate to which claims and Defendants. It is also difficult to identify which facts support which claims. However, if the Court has correctly discerned the gist of her claims, it appears that many of the claims may be prohibited by law. These problems are discussed below, and the Court cautions Plaintiff to consider these concerns when redrafting her Complaint.[2]

#### 1. The *Rooker Feldman* Doctrine Bars Plaintiff's Claim for Declaratory Relief

The *Rooker–Feldman* doctrine provides that federal courts, with the exception of the United States Supreme Court, have no authority to review the final judgments of state courts. *Siegel v. LePore*, 234 F.3d 1163, 1172 (11th Cir.

---

[2] It does not appear that Plaintiff's claims, as currently written, are barred by either judicial immunity (she seeks only equitable relief), or the Eleventh Amendment (she sues the Defendant-Judges and Defendant-Clerk only in their individual capacities). *Gamble v. Fla. Dep't of Health & Rehabilitative Servs.*, 779 F.2d 1509, 1512–13 (11th Cir. 1986) ("[T]he Eleventh Amendment provides no bar to federal court adjudication of suits against state officers individually."); *Jarallah v. Simmons*, 191 F. App'x 918, 920 (11th Cir. 2006) (quoting *Pulliam v. Allen,* 466 U.S. 522 (1984)) ("With respect to state judges, 'judicial immunity is not a bar to prospective injunctive relief.'").

2000) (en banc). The *Rooker–Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Here, Plaintiff seeks, among other forms of relief, declaratory judgment that Defendants' acts and omissions in their roles in the state appellate court violated Plaintiff's constitutional rights. Compl. (Doc. 1), p. 27. But, it appears Plaintiff complains of allegedly errant rulings by the state court, which this Court lacks jurisdiction to review. "A section 1983 action is neither an alternative nor a complement to the appeal of a state trial court decision to a higher state court." *Rolleston v. Eldridge*, 848 F.2d 163, 165 (11th Cir. 1988).

2. <u>Section 1983 Further Limits the Injunctive Relief Available against the Judge-Defendants.</u>

Plaintiff sues all individual Defendants under § 1983 and its related conspiracy provision (§ 1985). *See* Counts I, II, IV, VI. Section 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.'" 42 U.S.C. § 1983.

Here, Plaintiff cites actions taken by the judges that clearly fell within their judicial capacity.[3] *See* Compl. (Doc. 1). Therefore, for injunctive relief to be available, the Court must ask whether the individual Judge-Defendants violated a declaratory decree or whether declaratory relief was unavailable to Plaintiff.

Plaintiff fails to allege that *any* of the individual Judge-Defendants violated a declaratory decree, nor that no form of declaratory relief is available to her. For this reason, Plaintiff fails to state a claim for injunctive relief.

### 3. Plaintiff Appears to Have an Adequate Remedy at Law

"In order to receive declaratory or injunctive relief, plaintiffs must establish . . . the absence of an adequate remedy at law." *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000). Here, there appears to be an adequate remedy at law for the violations alleged by Plaintiff in her complaint. *See id.* at 1243, n.7 (noting an adequate remedy at law existed through appellate review or an extraordinary writ).

---

[3] The law is not settled on whether the Clerk-Defendant is also a "judicial officer." The Eleventh Circuit has not decided this issue, and district courts within the Circuit are split as to whether a clerk of court is a "judicial officer" within the meaning of Section 1983. *Compare Courthouse News Serv. v. Forman*, 601 F. Supp. 3d 1236, 1246 (N.D. Fla. 2022) ("[T]his Court finds that "judicial officers," as used in section 1983, refers only to judges.") *with McCurdy v. Harper*, No. 1:08-CV-2145-WSD, 2009 WL 10692474, at *10 (N.D. Ga. Mar. 23, 2009) (reaching the opposite conclusion).

4. Plaintiff's Claim for a "Structural Injunction" or "Institutional Reforms" asks this Court to Overstep its Role.

Federal courts "should proceed with caution when injunctive relief is 'sought to be applied to officials of one sovereign by the courts of another.'" *Pompey v. Broward Cnty.*, 95 F.3d 1543, 1548 (11th Cir. 1996) (quoting *Hoover v. Wagner*, 47 F.3d 845, 850 (7th Cir. 1995)).

Here, Plaintiff asks that this Court issue "a structural injunction or institutional reforms requiring the Sixth District Court of Appeal and the Tenth Judicial Circuit to implement transparent panel assignments, judicial disclosures, and procedural safeguards to prevent future abuses." Doc. 1, pp. 27–28. "[A]n injunction against a state court" or its "machinery" "would be a violation of the whole scheme of our Government." *Ex parte Young*, 209 U.S. at 163. Such an intrusion on the state court system would likely conflict with principles of equity, comity, and federalism. *See United Gas Pub. Serv. Co. v. State of Texas*, 303 U.S. 123, 140 (1938) ("The state is entitled to determine the procedure of its courts, so long as it provides the requisite due process.").

## IV.   **Conclusion**

For the reasons stated above, I respectfully RECOMMEND:

(1)    Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE;

(2)    Plaintiff's motion to proceed in forma pauperis (Doc. 2) be DENIED WITHOUT PREJUDICE;

16

(3)    Plaintiff be given 21 days from the date of the Court's order to file an amended complaint addressing the problems with her complaint, and either (1) pay the filing fee, or (2) file an amended motion to proceed in forma pauperis. If Plaintiff fails to timely file an amended complaint and either (1) the filing fee, or (2) file amended motion to proceed in forma pauperis, I recommend that the District Court dismiss the case with prejudice.

SUBMITTED for the District Court's consideration on August 6, 2025.

*Natalie Hirt Adams*

NATALIE HIRT ADAMS
United States Magistrate Judge

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.